IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GUY ODOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   18-cv-116-RJD |
| ) | |
| JEFFREY B. JULIUS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Guy Odom, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). In his complaint, Plaintiff alleges Defendant Jeffrey Julius shoved and struck him on September 10, 2017. Plaintiff is proceeding in this action on an Eighth Amendment excessive force claim against Defendant Julius.

This matter is now before the Court on Defendant's Motion for Summary Judgment (Doc. 37). For the reasons set forth below, the Motion for Summary Judgment is **DENIED**.

**Factual Background**

On September 10, 2017, while incarcerated at Big Muddy, Plaintiff was in the cafeteria for mealtime (Deposition of Guy Odom, Doc. 38-1 at 4). In the cafeteria, inmates are directed by the kitchen supervisor to stand in line, grab a premade tray, and sit down and eat their meal (*Id.* at 4-5). When it was Plaintiff's turn to grab his premade tray, he asked the kitchen supervisor for a different tray that did not have flies around it (*Id.* at 4). The supervisor told Plaintiff no, and

indicated he needed to grab his tray (*Id.* at 5).  Plaintiff again asked the supervisor for a different tray (*Id.*).  Defendant Julius intervened and told Plaintiff he had to leave (*Id.* at 4).  According to Plaintiff, Defendant placed his hand on Plaintiff's shoulder and shoved him while Defendant was telling Plaintiff to leave (*Id.* at 4, 6).  Plaintiff attempted to explain the circumstances when Defendant struck Plaintiff on his lip, causing it to bleed (*Id.* at 6).  According to Defendant Julius, during this interaction, Plaintiff reached back with a clenched fist and drew back with his right hand in an attempt to strike Defendant (Declaration of Jeffrey Julius, Doc. 38-2 at ¶ 6).  Plaintiff disputes Defendant's assertions and attests he was not combative (Plaintiff's Affidavit, Doc. 41 at 3, ¶ 1).  Defendant asserts that he struck Plaintiff with his right hand, closed fist, on the left side of Plaintiff's face to defend against Plaintiff's attack (Doc. 38-2 at ¶ 7).  Then, four officers tackled Plaintiff to the ground and handcuffed him (Doc. 38-1 at 7).  Plaintiff was taken to the shower area in segregation and examined by a nurse (*Id.* at 8).  The nurse cleaned the cut on Plaintiff's lip (*Id.*).  Plaintiff did not receive any stitches or further medical treatment (*Id.* at 10).  Plaintiff testified he has a scar from this incident, and experienced pain and difficulty eating for approximately one week (*Id.*).

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue

for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

The Eighth Amendment prohibits "cruel and unusual punishments" and has been interpreted by the United States Supreme Court to encompass the "unnecessary and wanton infliction of pain" upon prisoners in a correctional institution. *Wilson v. Seiter,* 501 U.S. 294, 296, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In excessive force cases, "[t]he central question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004). "In making that determination, several factors are relevant, including the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Id.* at 504. With regard to the last of these factors, while a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, "a claim ordinarily cannot be predicated on a *de minimis* use of physical force." *DeWalt v. Carter,* 224 F.3d 607, 620 (7th Cir. 2000) (citing *Hudson,* 503 U.S. at 7, 9–10). Indeed, "the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at 9–10 (citation and internal quotations omitted). Therefore, not every "malevolent touch by a prison guard" gives rise to a federal cause of action, even if the use of force in question "may later seem unnecessary in the peace of a judge's chambers." *Id.* at 9 (citation and quotation omitted).

In this instance, Defendant Julius asserts summary judgment in his favor is warranted because he used only minimal force to maintain order and discipline and Plaintiff did not suffer a substantial injury. Plaintiff testified Defendant told Plaintiff to leave dietary and, while Plaintiff was attempting to explain his issue, Defendant struck Plaintiff on his lip. Defendant concedes he struck Plaintiff with a closed fist on the left side of his face, but asserts such action was necessary and appropriate because Defendant feared Plaintiff was about to strike him. Defendant also notes Plaintiff had failed to follow direct orders to leave dietary. The central inquiry in claims of excessive force is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The Court cannot find as a matter of law that the force employed by Defendant was applied in good faith and not for purposes of causing harm. Plaintiff disputes Defendant's contention that Plaintiff was preparing to strike Defendant. Further, although it appears Plaintiff may have failed to adhere to an order to leave dietary, the Court cannot find that striking Plaintiff in his face with a closed fist was an appropriate use of force, in consideration of the *Fillmore* factors, cited above. Finally, the Court disagrees with Defendant's characterization that the force applied was minimal because Plaintiff suffered only a cut to his lip. Plaintiff testified he has an enduring scar from the cut, and experienced pain for approximately one week. For these reasons, the Court finds a reasonable jury could find Defendant used excessive force

against Plaintiff on September 10, 2017, and Defendant is not entitled to judgment as a matter of law.

Defendant is also not entitled to qualified immunity as it was clearly established at the time of the events in question that applying force in a manner inconsistent with maintaining or restoring discipline implicates an inmate's constitutional rights.

## Conclusion

For the reasons stated above, Defendant Julius' Motion for Summary Judgment (Doc. 37) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 8, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**